ENRIQUE ESCOSURA Y FERRER, BY CHARLES COU-
DERT HIS GUARDIAN, AND OTHERS, APPELLANTS, *v.* PERCY
R. PYNE AND LAWRENCE TURNURE, EXECUTORS,
ETC., AND OTHERS, RESPONDENTS.

*Will — construction of — when children take per stirpes — when per capita.*

A testator by his will directed his executors, after paying certain legacies, to divide
the balance of the money in their hands "equally between Anita, the children
of Irene, the son of Isabel, and Henry the doctor." The testator had, by
another provision of his will, provided: "To the children of Irene I bequeath
$50,000."

*Held,* that although the general rule of construction of the first provision of the
will would require that each child of Irene should take per capita; that is, an
equal share, with the other persons named, of the balance of the money in
the executors hands; yet that the gift in the second provision, of the $50,000
to them as a class, raised a presumption that the testator intended that they
should take as a class with respect to the balance of the money also, and took
the case out of the general rule.

APPEAL from a decree of the surrogate of the county of New
York, made upon the final accounting of the executors of Pedro
Ferrer y Landa.

The will under which the executors acted contained, among
others, the following provisions :

"To the children of Irene I bequeath $50,000, to be admin-
istered for them by their father, Dn. Benigno Dorado.  \*  \*  \*

---

\* Held pursuant to adjournment from the July Term.

" If after realizing all my investments and paid all my bequests, there shall be a remainder, after paying all expenses, commissions, etc., etc., I wish the same to be divided equally between Anita, the children of Irene, the son of Isabel, and Henry the doctor."

*F. R. Coudert*, for the appellants.

*W. B. Putney*, for the respondents.

Daniels, J.:

The disposition of this appeal depends upon the construction which should be given to the residuary clause of the will of Pedro Ferrer y Landa, by which he directed after realizing all his investments and paying all his bequests, if there should be a remainder, that he wished the same to be equally divided between Anita, the children of Irene, the son of Isabella, and Henry the doctor. The surrogate held that this clause required the residue of the testator's estate to be equally divided between the persons named in it, including each of the children of Irene, treating them as individuals and entitled to take *per capita* and not *per stirpes*. If this clause stood alone in the will, unaffected by any other provision, the authorities referred to by the surrogate in support of his opinion amply sustain the conclusion at which he arrived. The general rule undoubtedly is, that the construction required to be given to a clause of this description includes the children referred to as individuals, and not as a class, but these authorities are not controlling where anything can be found in the will showing that the testator entertained a different design.

Upon this subject it was held in the case of *Clark* v. *Lynch* (46 Barb., 69) that this rule will not prevail if the intention can be collected from the will that the children of a deceased party are to take as a class and not individually. (Id.) In the case of *Collins* v. *Hoxie* (9 Paige, 81), the chancellor stated the rule of construction in such cases to be, that all the legatees would only take *per capita* when there is nothing in the will indicating the existence of a different intention on the part of the testator. And after referring to the authorities sustaining the prevailing rule existing upon this subject it was said by Jarman, that this mode of con-

struction will yield to a very faint glimpse of a different intention in the context. Thus, the mere fact that the annual income, until the distribution of the capital, is applicable *per stirpes* has been held to constitute a sufficient ground for presuming that a like principle was to govern the gift of the capital. (Jarman on Wills [3d Amer. ed.], vol. 2, 81 [marg., 112.])

In this will a circumstance indicating that the testator entertained the design of differently distributing his property is found to exist, for in a preceding portion he bequeathed to the children of Irene $50,000. This was a plain bequest to them as a class, and indicated it to be the purpose of the testator to treat them as such in the disposition he designed to make of his property, and there is no sufficient reason for supposing that in the clause providing for the distribution of the final residue he intended to use the term "children of Irene" in any different sense. The assumption on the contrary is, that the same words were used in both parts of the will to express the same intent, which was, that the children of Irene should take as a class and not individually.

This precise point appears to have been presented in the case of *Lockhart* v. *Lockhart* (3 Jones' Eq. [N. C.], 205). And it was there held, where the testator in one part of his will had used words describing the objects of his bounty as a class, and in any other part referred to them again by the same words and description, that the presumption was in both cases he used the words in the same sense, and intended them in each instance to describe the person as a class. The same points came up for consideration in *Balcom* v. *Haynes* (14 Allen [Mass.], 204). And a like conclusion was maintained by the decision of the court.

These authorities seem to be controlling upon the subject as to what should be the construction placed upon the controverted clause of the testator's will. They do not conflict with those relied upon by the surrogate or cited in support of his decision by the respondents' counsel, but they distinguish this from the bequests made, which were there the subjects of examination.

The intention of the testator is the governing element in the decision of controversies of this character, and as it is clear in his first allusion to the children of Irene that he intended to regard and consider them as a class in the disposition of that portion of

his property, it should be assumed that the same intent extended to and pervaded all the directions made in the same terms by his will in their favor. It follows from this construction that the decree of the surrogate must be reversed, and a judgment entered in conformity with the views expressed in this opinion.

BRADY, P. J., and INGALLS, J., concurred.

Decree of surrogate reversed, and judgment ordered in conformity with views expressed in the opinion ; order to be settled by DANIELS, J.